JiGAUDIN, Judge.
Planet Insurance Company and Truckers Express, Inc. have appealed from an October 26, 1994 judgment of the 24th Judicial District Court which awarded $43,302.64 plus certain costs and interest to Ronald Taylor as a result of a two-vehicle accident. Truckers is an appellant although not cast in judg *465 ment. Planet was ordered to pay under terms of its policy.
Because there is clear support in the record for this judgment, we affirm.
Taylor was driving his own truck on River Road in Marrero, Louisiana on February 6, 1991 when an oncoming automobile driven by Jason Meynard crossed the center line and struck Taylor’s vehicle. Liability is not at issue. Meynard was 100 per cent at fault.
Taylor subsequently sued (1) Meynard, (2) Meynard’s insurer, Colonial Lloyds Insurance Company, and (3) Planet Insurance Company, his (Taylor’s) 12uninsured/underinsured company. When Colonial Lloyds went into liquidation, the Louisiana Insurance Guaranty Association was added as a party defendant.
In its answer, Planet pled the terms and conditions of the lease agreement between Taylor and Truckers Express. Taylor was self-employed at the time of the accident. His truck was leased to Truckers Express, a carrier operating under permits issued by the Interstate Commerce Commission. A federal statute, 49 U.S.C. § 10927, required Truckers Express to maintain liability insurance on Taylor’s truck. Planet had issued such a policy.
On appeal, Planet and Truckers raise two issues:
(1) the trial court erred in applying the Louisiana Uninsured Motorist Act, LSA-R.S. 22:1406D, to a motor vehicle lease approved by the Interstate Commerce Commission; thereby voiding the indemnity provisions of the lease, and
(2) the amount awarded was excessive.
Regarding (1), Planet and Truckers contend that the lease agreement’s indemnity clause effectively shifts exclusive liability to Taylor. The indemnity clause states:
“Contractor (Taylor) shall save and hold TEI (Truckers) harmless from any liability arising from the relationship between TEI and contractor, and contractor and any of contractor’s employees, agents and servants.”
Thus, Planet and Truckers argue, the very document creating liability for uninsured motorist coverage provides Truckers with a right to indemnity even though Taylor was in no way liable for the accident. Planet, therefore, must pay Taylor who in turn must indemnify Truckers. The trial judge |8correctly rejected this contention, called by Taylor in his brief to this Court “grossly inequitable” and against Louisiana public policy.
In his assigned “Reasons for Judgment,” the trial judge said:
“Plaintiff entered into a lease agreement with Truckers Express which required it to provide proof of liability, property damage, and cargo insurance. Truckers purchased this coverage through Planet Insurance Company. The policy also contained an endorsement for uninsured motorist coverage for vehicles garaged in Louisiana. In this case, the plaintiffs vehicle was principally garaged in Louisiana.
“Mr. Taylor testified at trial that he and his wife met with a representative of Truckers Express and signed a lease agreement on January 1, 1990. Pursuant to the terms of this agreement, Truckers Express purchased an insurance policy providing liability insurance and uninsured motorist coverage from Planet Insurance Company. Taylor paid for this insurance out of his lease and transport payments.
“Counsel for Planet Insurance Company contends that Louisiana public policy and the Louisiana uninsured motorist statute are preempted by Federal Law governing Interstate Commerce Commission (ICC) required liability insurance and ICC Leasing Regulations. On the other hand, plaintiff avers that Louisiana law must apply to the case at bar.
“In support of its position plaintiff cites the Court to the case of Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), wherein the Louisiana Supreme Court was presented with the issue of whether a Liberty Mutual insurance policy, which |4covered a United Parcel Service truck driven by plaintiff, provided uninsured motorist coverage for a UPS motor vehicle registered and principally garaged within Louisiana pursuant to the terms of the Louisiana uninsured motorist statute. This policy *466 was issued and delivered outside the state of Louisiana. The Supreme Court found:
“While Liberty Mutual’s policy was neither delivered nor issued for delivery in this State, it did provide coverage for vehicles registered, garaged and licensed in Louisiana. Because of the vital interest Louisiana has in the application of the UM statute as a matter of public policy, we hold Liberty Mutual’s policy, insofar as it applies to the vehicle in question, must provide UM coverage unless validly rejected.’
“Based upon the foregoing this Court determines that Louisiana law and public policy will govern this matter. Additionally, the Court finds that the Louisiana uninsured motorist statute applies to this case because Taylor’s truck was garaged, licensed and registered in Louisiana.
“The Louisiana uninsured motorist statute provides that uninsured motorist converge must apply unless it is specifically rejected. In this case, plaintiff did not sign a rejection of uninsured motorist coverage form, therefore, uninsured motorist coverage is provided. Likewise, no selection of lower limits was requested by plaintiff, thus, the Louisiana uninsured motorist statute required that Planet Insurance Company provide uninsured motorist coverage in the same amount as its liability policy of $1,000,000.00.”
We adopt the foregoing reasons as our own, being of the opinion that the trial judge’s straightforward application of this state’s 15uninsured/underinsured motorist statutes was correct and, further, that the record fully supports his factual findings.
In addition to Roger v. Estate of Moulton, supra, appellants cite Industrial Indemnity Company v. McIntosh, 185 Mont. 158, 604 P.2d 1233 (1980). The facts of this ease are easily distinguishable from those of the case now before us.
We note that appellants seek to uphold an indemnity agreement that appears to actually be in the worker’s compensation portion of the lease agreement. We do not, however, rely on this possibility in concluding that Louisiana law was properly invoked in Taylor’s favor. The indemnity agreement entered into by Taylor cannot negate Planet’s obligation to pay under Louisiana law.
The sum awarded to Taylor included $20,-000.00 for physical and mental pain and suffering, $21,291.00 for lost wages and earning capacity and $2,011.64 for past medical expenses. Taylor suffered a cerebral concussion, a vestibular concussion, severe cervical strain, severe lumbar strain, shoulder injuries and serious personal, emotional and mental stress resulting from this injury and the foreclosure of his family home. The medical proof was established by the testimony of an orthopaedist and a neurologist as well as Touro Infirmary records.
In his “Reasons,” the trial judge noted that Taylor’s symptoms would continue “... for at least a year following the accident.” The award was not excessive and may well have been on the low side.
We affirm all portions of the district court judgment with Planet and Truckers Express to bear costs of this appeal.
AFFIRMED.
GOTHARD, J., concurs.